**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
(State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Noble Corporation plc |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | None |
| | Include any assumed names, trade names, and doing business as names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 98-0619597 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 10 Brook St. | 13135 Dairy Ashford, Suite 800 |
| Number    Street | Number    Street |
| | P.O. Box |
| London, United Kingdom W1S 1BG | Sugar Land, Texas 77478 |
| City          State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number    Street |
| | City          State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.noblecorp.com |

| Debtor | Noble Corporation plc | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:*<br><br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br><br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes<br><br>2   1   1   1    Oil and Gas Extraction |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply:*<br><br>☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>☐ Chapter 12 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes | District _____ | When _____<br>MM / DD / YYYY | Case number _____ | |
| | | | District _____ | When _____<br>MM / DD / YYYY | Case number _____ | |

| Debtor | Noble Corporation plc | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

| Debtor | See Schedule 1 attached | Relationship | Affiliate |
|---|---|---|---|
| District | Southern District of Texas | When | Date hereof |
| | | | MM / DD / YYYY |

Case Number, if known _____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| _____ | | |
|---|---|---|
| Number | Street | |
| _____ | | |
| _____ | _____ | _____ |
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes   Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13.** **Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors (on a consolidated basis with all affiliated debtors)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | Noble Corporation plc | Case number (if known) |
|---|---|---|
| | Name | |

|  |  | | | |
|---|---|---|---|---|
| **15.** | **Estimated assets** **(on a consolidated basis with** **all affiliated debtors)** | ☐ $0-$50,000 ☐ $50,001-$100,000 ☐ $100,001-$500,000 ☐ $500,001-$1 million | ☐ $1,000,001-$10 million ☐ $10,000,001-$50 million ☐ $50,000,001-$100 million ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion ☒ $1,000,000,001-$10 billion ☐ $10,000,000,001-$50 billion ☐ More than $50 billion |

|  |  | | | |
|---|---|---|---|---|
| **16.** | **Estimated liabilities** **(on a consolidated basis with** **all affiliated debtors)** | ☐ $0-$50,000 ☐ $50,001-$100,000 ☐ $100,001-$500,000 ☐ $500,001-$1 million | ☐ $1,000,001-$10 million ☐ $10,000,001-$50 million ☐ $50,000,001-$100 million ☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion ☒ $1,000,000,001-$10 billion ☐ $10,000,000,001-$50 billion ☐ More than $50 billion |

## ▉ Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17.** | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/31/2020
                       MM / DD / YYYY

**✗**  /s/ Richard B. Barker                              Richard B. Barker
Signature of authorized representative of debtor          Printed name

Title  Chief Financial Officer

**18.**    **Signature of attorney**

**✗**  /s/ John F. Higgins                    Date    07/31/2020
Signature of attorney for debtor                     MM / DD / YYYY

John F. Higgins
Printed name

Porter Hedges LLP
Firm name

1000 Main Street, 36th Floor
Number    Street

Houston                                         Texas    77002
City                                            State    ZIP code

(713) 226-6648                                  jhiggins@porterhedges.com
Contact phone                                   Email address

09597500                                        Texas
Bar number                                      State

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **NOBLE CORPORATION PLC,** | **Case No. 20-[_____] (_____)** |
| **Debtor.** | **(Joint Administration Pending)** |

## Attachment to Voluntary Petition for Non-Individuals
## Filing for Bankruptcy under Chapter 11

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-31306.

2.  The following financial data is the latest available information and refers to the debtor's condition on March 31, 2020.[1]

a. Total assets (as of March 31, 2020)                                           $ 7,261,099,000

b. Total liabilities (including debts listed in 2.c., below) (as of March 31, 2020)   $ 4,664,567,000

c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | |
|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | _____ |

d.  Number of shares of preferred stock                                             N/A

e.  Number of shares of common stock (as of May 5, 2020)                        250,952,965

Comments, if any: _____

_____

---

[1]  Amounts and figures reflected herein are based upon the debtor's latest publicly filed report. (See Noble Corporation plc, Form 10-Q dated May 7, 2020, at 1, 3).

Official Form 201A (12/15)

3.  Brief description of debtor's business:  The Debtor is a provider of offshore drilling services for the global oil and gas exploration and production industry.

4.  List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the debtor:

| Equity Holder | Percent Ownership |
|---|---|
| Firefly Value Partners, LP | 9.31% |
| The Vanguard Group, Inc. | 5.80% |

**Schedule 1**

**SCHEDULE OF DEBTORS**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*., as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| No. | Debtor | Employer Identification Number (EIN) |
|-----|--------|--------------------------------------|
| 1 | Noble Drilling Holding LLC | 42-1769105 |
| 2 | Noble Corporation plc | 98-0619597 |
| 3 | Noble Services International Limited | 98-1096893 |
| 4 | Bully 1 (Switzerland) GmbH | 98-0568935 |
| 5 | Bully 2 (Switzerland) GmbH | 98-0563187 |
| 6 | Noble 2018-I Guarantor LLC | 83-4716348 |
| 7 | Noble 2018-II Guarantor LLC | 84-1918286 |
| 8 | Noble 2018-III Guarantor LLC | 83-4717258 |
| 9 | Noble 2018-IV Guarantor LLC | 84-1922909 |
| 10 | Noble BD LLC | 82-5210197 |
| 11 | Noble Cayman Limited | 98-0655375 |
| 12 | Noble Cayman SCS Holding Ltd | 98-1350467 |
| 13 | Noble Contracting II GmbH | N/A |
| 14 | Noble Corporation | 98-0366361 |
| 15 | Noble Corporation Holdings Ltd. | 98-1185595 |
| 16 | Noble Corporation Holding LLC | 84-3574429 |
| 17 | Noble Drilling (Guyana) Inc. | 98-1405736 |
| 18 | Noble Drilling (TVL) Ltd. | N/A |
| 19 | Noble Drilling (U.S.) LLC | 76-0295031 |
| 20 | Noble Drilling Americas LLC | 71-0951583 |
| 21 | Noble Drilling Exploration Company | 76-0633507 |
| 22 | Noble Drilling International GmbH | 98-0688632 |
| 23 | Noble Drilling NHIL LLC | 82-5209413 |
| 24 | Noble Drilling Services Inc. | 76-0295033 |
| 25 | Noble DT LLC | 84-3405555 |
| 26 | Noble FDR Holdings Limited | 98-1174656 |
| 27 | Noble Holding (U.S.) LLC | 76-0295031 |
| 28 | Noble Holding International Limited | 98-0477694 |

| No. | Debtor | Employer Identification Number (EIN) |
|-----|--------|--------------------------------------|
| 29 | Noble Holding UK Limited | 98-1239995 |
| 30 | Noble International Finance Company | 98-0655893 |
| 31 | Noble Leasing (Switzerland) GmbH | 98-0566694 |
| 32 | Noble Leasing III (Switzerland) GmbH | 98-0631434 |
| 33 | Noble Resources Limited | 98-1096876 |
| 34 | Noble SA Limited | 98-1343368 |
| 35 | Noble Rig Holding I Limited | 98-1443703 |
| 36 | Noble Rig Holding 2 Limited | 98-1461033 |
| 37 | Noble Asset Mexico LLC | 48-1292445 |
| 38 | Noble Bill Jennings LLC | 26-2718992 |
| 39 | Noble Earl Frederickson LLC | 26-2720328 |
| 40 | Noble Mexico Limited | N/A |

## NOBLE CORPORATION PLC

<u>Secretary's Certificate</u>

The undersigned, being the Secretary of Noble Corporation plc, a public limited company incorporated under the laws of England and Wales (the "**Company**"), does hereby certify as follows:

Attached hereto as **<u>Annex A</u>** is a true, correct, and complete copy of the resolutions duly adopted by the Board of Directors of the Company on July 30, 2020 (the "**Resolutions**"), and such Resolutions have not been modified or rescinded in whole, in part, or in any respect and are in full force and effect

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of the Company has duly executed and caused this certificate to be delivered as of July 30, 2020.

Noble Corporation plc

By: _____
Name: William E. Turcotte
Title: Senior Vice President, General Counsel
      and Corporate Secretary

**Annex A**

## NOBLE CORPORATION PLC

## RESOLUTIONS TO BE ADOPTED
## BY THE BOARD OF DIRECTORS

## July 30, 2020

WHEREAS, the Board has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors and other parties in interest;

WHEREAS, the Board has had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company;

WHEREAS, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board has determined that it is in the best interest of the Company, its subsidiaries, and its and their respective creditors, stakeholders, and other parties-in-interest, for the Company and its subsidiaries to take the actions specified in the following resolutions;

*Chapter 11 Case*

WHEREAS, the Board has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Board, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interests of the Company, its subsidiaries, and its and their respective creditors, stakeholders, and other parties-in-interest, that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code; and

*Restructuring Support Agreement*

WHEREAS, the Board has been presented with a proposed Restructuring Support Agreement (the "**RSA**") by and among each of (a) the Company, for itself and each of its direct and indirect subsidiaries listed on Exhibit A to the RSA, (b) the Consenting Priority Guaranteed Noteholders, and (c) the Consenting Legacy Noteholders, each as defined therein, on or in advance of the date hereof; for the avoidance of doubt, the RSA includes the Restructuring Term Sheet (as defined therein) and each other exhibit thereto, all substantially in the forms and on the terms presented to the Board.

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its subsidiaries, and its and their respective creditors, stakeholders, and other parties-in-interest, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and be it further

RESOLVED, that each of the appointed officers of the Company and Richard B. Barker, Chief Financial Officer of the Company (each, an "**Authorized Person**"), is hereby authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of the Company shall determine; and be it further

*Restructuring Support Agreement*

RESOLVED, that in connection with the chapter 11 case, the Board has determined it is desirable and in the best interests of the Company, its subsidiaries, and its and their respective creditors, stakeholders, and other parties-in-interest, that the Company shall be, and hereby is, authorized to enter into the RSA with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and be it further

RESOLVED, that the Authorized Persons are empowered, authorized and directed, with full power of delegation, on behalf of the Company, to cause the Company to negotiate, execute, and deliver the RSA and any related documents contemplated thereby, in such form and with such changes or amendments as any one or more such Authorized Persons shall approve as necessary or desirable; and be it further

*Regulatory Filings*

RESOLVED, that in order for the Company and its applicable subsidiaries to comply with all requirements under the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder (the "**Exchange Act**") and any applicable state securities laws or requirements of the New York Stock Exchange, the Authorized Persons are authorized and empowered, on behalf of the Company and its applicable subsidiaries, with the assistance of counsel, to take all action necessary, appropriate or advisable to cause to be prepared, executed and filed, all reports, statements, documents and information related to the chapter 11 case required to be filed by the Company and its applicable subsidiaries, and to take all other action necessary, appropriate or advisable in connection with the Exchange Act and any applicable federal or state securities laws or requirements of the New York Stock Exchange, including one or more Current Reports on Form 8-K and notifications to the New York Stock Exchange; and be it further

*Retention of Professionals*

RESOLVED, that the Authorized Persons of the Company be, and each of them is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and the transactions contemplated by the foregoing resolutions, including, without limitation, the law firm Skadden, Arps, Slate, Meagher & Flom

LLP, to act as chapter 11 counsel; Porter Hedges LLP to act as co-counsel; AlixPartners, LLP to act as financial advisor; Evercore Group L.L.C. to act as investment banker; and Epiq Corporate Restructuring, LLC to act as claims and noticing agent and administrative advisor; and in connection herewith each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and be it further

*General Authority to Implement Resolutions*

RESOLVED, that the Authorized Persons of the Company be, and each of them is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify or file, or cause to be executed, delivered, performed, verified or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consents to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person deems necessary or proper in connection with the chapter 11 cases, with a view to the successful prosecution of the chapter 11 cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business; and be it further

RESOLVED, that the Authorized Persons of the Company be, and each of them is, authorized to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects by the Board of the Company; and be it further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of the Company, on or before the date hereof in connections with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed and approved in all respects by the Board of the Company; and be it further

RESOLVED, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, proper, advisable or appropriate to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

RESOLVED, that the authority conferred upon any Authorized Person of the Company by these resolutions is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Person to take any and all actions convenient, necessary, advisable or appropriate to consummate, effectuate, carry out, perform or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and be it further

RESOLVED, the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of the Company and other organizational documents of the Company, or hereby waive any right to have received such notice; and be it further

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and hereby are, authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, manager (or similar role) of each subsidiary of the Company, in each case, as such Authorized Persons or Authorized Persons shall deem necessary proper, appropriate, desirable or advisable to effectuate the purposes of the transactions contemplated herein.

| Fill in this information to identify the case: |
| --- |
| Debtor Name:   Noble Corporation plc |
| United States Bankruptcy Court for the:   Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

A consolidated list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U. S. BANK 60 LIVINGSTON AVE. ST. PAUL, MN 55107 | CONTACT: ALEJANDRO HOYOS ALEJANDRO.HOYOS@USBANK.COM | UNSECURED DEBT - 7.875% SENIOR NOTES | | | | $769,704,093.00 |
| 2 | JPMORGAN CHASE BANK, N.A. 712 MAIN STREET 5TH FLOOR HOUSTON, TX 77002 | CONTACT: GREGORY N ROSTICK GREGORY.N.ROSTICK@CHASE.COM | UNSECURED DEBT - SENIOR REVOLVING FACILITY | | | | $549,995,940.00 |
| 3 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 601 TRAVIS STREET 16TH FLOOR HOUSTON, TX 77002 | CONTACT: LISA MCCANTS LISA.MCCANTS@BNYMELLON.COM | UNSECURED DEBT - 5.250% SENIOR NOTES | | | | $487,790,864.00 |
| 4 | WILMINGTON TRUST, NATIONAL ASSOCIATION 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | CONTACT: BARRY SOMROCK BSOMROCK@WILMINGTONTRUST.COM | UNSECURED DEBT - 7.950% SENIOR NOTES | | | | $459,162,987.00 |
| 5 | WILMINGTON TRUST, NATIONAL ASSOCIATION 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | CONTACT: BARRY SOMROCK BSOMROCK@WILMINGTONTRUST.COM | UNSECURED DEBT - 7.750% SENIOR NOTES | | | | $407,441,506.00 |
| 6 | THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 601 TRAVIS STREET 16TH FLOOR HOUSTON, TX 77002 | CONTACT: LISA MCCANTS LISA.MCCANTS@BNYMELLON.COM | UNSECURED DEBT - 6.200% SENIOR NOTES | | | | $402,770,127.00 |
| 7 | WILMINGTON TRUST, NATIONAL ASSOCIATION 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | CONTACT: BARRY SOMROCK BSOMROCK@WILMINGTONTRUST.COM | UNSECURED DEBT - 8.950% SENIOR NOTES | | | | $402,752,583.00 |

Debtor: Noble Corporation plc

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 601 TRAVIS STREET 16TH FLOOR HOUSTON, TX 77002 | CONTACT: LISA MCCANTS LISA.MCCANTS@BNYMELLON.COM | UNSECURED DEBT - 6.050% SENIOR NOTES | | | | $399,837,398.00 |
| 9  THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 601 TRAVIS STREET 16TH FLOOR HOUSTON, TX 77002 | CONTACT: LISA MCCANTS LISA.MCCANTS@BNYMELLON.COM | UNSECURED DEBT - 4.625% SENIOR NOTES | | | | $81,435,197.00 |
| 10  THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 601 TRAVIS STREET 16TH FLOOR HOUSTON, TX 77002 | CONTACT: LISA MCCANTS LISA.MCCANTS@BNYMELLON.COM | UNSECURED DEBT - 4.900% SENIOR NOTES | | | | $64,066,969.00 |
| 11  THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. 601 TRAVIS STREET 16TH FLOOR HOUSTON, TX 77002 | CONTACT: LISA MCCANTS LISA.MCCANTS@BNYMELLON.COM | UNSECURED DEBT - 3.950% SENIOR NOTES | | | | $21,505,749.00 |
| 12  NATIONAL OILWELL VARCO 5100 NORTH SAM HOUSTON PARKWAY WEST HOUSTON, TX 77086 | PHONE: 281-325-6533 BRIAN.WESNESKI@NOV.COM | TRADE DEBT | | | | $3,724,294.00 |
| 13  MARKS, SCOTT ADDRESS ON FILE | PHONE: 832-520-5717 SCOTTMARKS1113@GMAIL.COM | DEFERRED COMPENSATION | | | | $2,851,188.00 |
| 14  MARTIN, THERALD ADDRESS ON FILE | PHONE: 281-202-8969 THERALD.MARTIN@YAHOO.COM | DEFERRED COMPENSATION | | | | $2,159,174.00 |
| 15  MADDEN, THOMAS ADDRESS ON FILE | PHONE: 713-410-4949 MADDENIRL@AOL.COM | DEFERRED COMPENSATION | | | | $857,405.00 |
| 16  NATIONAL OILWELL VARCO LP 10353 RICHMOND AVENUE HOUSTON, TX 77042 | PHONE: 713-346-7233 RS-USA-NOBLESALES@NOV.COM | TRADE DEBT | | | | $578,720.00 |
| 17  HPETROCONSULT LTDA BARRA DA TIJUCA RIO DE JANEIRO 22640-102 BRAZIL | PHONE: 22-2430-4500 HPETROCONSULT@INFOLINK.COM.BR | TRADE DEBT | | | | $461,058.00 |
| 18  NATIONAL OILWELL VARCO NORWAY AS LAGERVEIEN 8 8181 STAVANGER 4034 NORWAY | PHONE: 47-5181-8181 ACCOUNTSRECEIVABLEAFTERMARKET@NOV.COM | TRADE DEBT | | | | $365,166.00 |
| 19  CRANE WORLDWIDE LOGISTICS (THAILAND 589/110 20TH FLOOR, CENTRAL CITY BA BANGKOK 10260 THAILAND | PHONE: 2745-6088-109 SUPALERK.PHITAKSUTEEPHONG@CRANEWW.COM | TRADE DEBT | | | | $359,480.00 |

Debtor:  Noble Corporation plc                                                        Case Number  (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 TRASFOR SA STRADA CANTONALE 11 MOLINAZZO DI MONTEGGIO  6998 SWITZERLAND | PHONE: 41-58-58 84400 PL-GBS_SWITZERLAND_AR@ABB.COM | TRADE DEBT | | | | $337,665.00 |
| 21 WOLFORD, BERNIE ADDRESS ON FILE | PHONE: 832-600-7915 BERNIEWOLFORD@GMAIL.COM | DEFERRED COMPENSATION | | | | $261,850.00 |
| 22 HUMES, LARRY ADDRESS ON FILE | TXJHAWKSCOMM@ATT.NET | DEFERRED COMPENSATION | | | | $246,587.00 |
| 23 NOV RIG SOLUTIONS PTE LTD 29 TUAS BAY DRIVE SINGAPORE  637429 SINGAPORE | PHONE: 6594-1025 ADLIN.ABDULWAHID@NOV.COM | TRADE DEBT | | | | $239,534.00 |
| 24 THORNTON, BODLEY ADDRESS ON FILE | PHONE: 713-823-4228 BPTHORNTONSR@GMAIL.COM | DEFERRED COMPENSATION | | | | $217,298.00 |
| 25 BRIDON AMERICAN CORPORATION 280 NEW COMMERCE BLVD WILKES-BARRE, PA  18706 | PHONE: 570-822-3349-215 HFISHER@BRIDONAMERICAN.COM | TRADE DEBT | | | | $216,969.00 |
| 26 SHELL OIL PRODUCTS US PO BOX 4749 HOUSTON, TX  77210 | PHONE: 632-483-5942 LEANEL.CAMPOREDONDO@SHELL.COM | TRADE DEBT | | | | $192,712.00 |
| 27 MINGS PRODUCTS & SERVICES LTD 6 URQUHART STREET GEORGETOWN GUYANA | PHONE: 592-225-3553-222 FORD.AUDREY@MPS.GY | TRADE DEBT | | | | $184,662.00 |
| 28 M & M INTERNATIONAL INC. 1249 SE EVANGELINE THRUWAY BROUSSARD, LA  70518 | PHONE: 337-364-4145 MMISALES@MMVALVE.COM | TRADE DEBT | | | | $172,285.00 |
| 29 AMERIFORGE GROUP INC 945 BUNKER HILL RD, SUITE 500 HOUSTON, TX  77024 | PHONE: 713-293-1245 AR@AFGLOBALCORP.COM | TRADE DEBT | | | | $171,203.00 |
| 30 HUISMAN NORTH AMERICA SERVICES, LLC 2502 WEHRING ROAD ROSENBERG, TX  77471 | PHONE: 832-490-1019 ACCOUNTING@HUISMAN-NA.COM | TRADE DEBT | | | | $163,458.00 |
| 31 TECHNIP UMBILICALS INC 16661 JACINTOPORT HOUSTON, TX  77015 | PHONE: 281-249-2711 PBAJO@TECHNIP.COM | TRADE DEBT | | | | $146,752.00 |
| 32 SPEEDCAST COMMUNICATIONS, INC 4400 S SAM HOUSTON PKWY E HOUSTON, TX  77048 | PHONE: 832-668-2459 COLLECTIONS.AMERICA@SPEEDCAST.COM | TRADE DEBT | | | | $144,986.00 |
| 33 HYUNDAI GLOBAL SERVICE AMERICAS CO. 7206 HARMS ROAD HOUSTON, TX  77041 | PHONE: 832-850-7659 MHKIM@HYUNDAI-GS.COM | TRADE DEBT | | | | $144,599.00 |
| 34 OCEAN OILFIELD DRILLING SERVICES NO. 8, PERSIARAN MELOR AWANA KIJAL KEMAMAN  24100 MALAYSIA | PHONE: 9864-0461 ACCMY@OCEANOILFIELD.COM | TRADE DEBT | | | | $132,961.00 |

Debtor: Noble Corporation plc                                    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 35 | GULF AGENCY CO (OMAN) LLC PC 112, RUWI, SULTANATE OF OMAN RUWI  112 OMAN | PHONE: 244-77800-810 JAYARAM.SETHURAMAN@GAC.COM | TRADE DEBT | | | | $130,907.00 |
| 36 | AMERICAN BUREAU OF SHIPPING PO BOX 24860 DUBAI UNITED ARAB EMIRATES | PHONE: 4330-6000 ASOLIMAN@EAGLE.ORG | TRADE DEBT | | | | $121,909.00 |
| 37 | CONTITECH OIL & MARINE CORPORATION 11535 BRITTMOORE PARK DRIVE HOUSTON, TX  77041 | PHONE: 832-327-0141 JOCELYN.MANGUNSONG@CONTINENTAL.COM | TRADE DEBT | | | | $120,786.00 |
| 38 | GE ENERGY POWER CONVERSION USA INC 100 EAST KENSINGER DRIVE, STE 500 CRANBERRY TOWNSHIP, PA  16066 | PHONE: 412-967-0765 GEPAYS_BID250060@GE.COM | TRADE DEBT | | | | $109,507.00 |
| 39 | SPX FLOW OIL AND GAS EQUIPMENTS PLOT NO 29, ALI KHALIFAN RASHED AL 6539 ABU DHABI UNITED ARAB EMIRATES | PHONE: 971 2 408 190... THANGAM.R@SPXFLOW.COM | TRADE DEBT | | | | $108,000.00 |
| 40 | GATES E & S TRADING LLC AL QUOZ 12973 DUBAI UNITED ARAB EMIRATES | PHONE: 6528-0801-262 SADIQH.AHMED@GATES.COM | TRADE DEBT | | | | $106,654.00 |
| 41 | NOV SAUDI ARABIA TRADING CO PO BOX 52681 DAMMAM  20745 SAUDI ARABIA | PHONE: 971 48 064204... JESSY.KOLENCHERY@NOV.COM | TRADE DEBT | | | | $105,558.00 |
| 42 | SODEXO REMOTE SITES AUSTRALIA PTY LTD 247 BALCATTA ROAD PERTH, WA  6021 AUSTRALIA | PHONE: 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 ACCOUNTSRECEIVABLE.AMECAA.AU@SODEXO.COM | TRADE DEBT | | | | $104,183.00 |
| 43 | JAMES, RONALD ADDRESS ON FILE | PHONE: 281-851-0459 RLJAMES1128@GMAIL.COM | DEFERRED COMPENSATION | | | | $101,808.00 |
| 44 | CHARTER SUPPLY CO. 8100 AMBASSADOR CAFFERY PRKY 81735 BROUSSARD, LA  70518 | PHONE: 337-837-2724 SPICARD@CHARTERSUPPLY.COM | TRADE DEBT | | | | $99,570.00 |
| 45 | GULF AGENCY QATAR PO BOX 6534 DOHA QATAR | PHONE: 974 323954 SHIPACCOUNTS.QATAR@GAC.COM | TRADE DEBT | | | | $96,801.00 |
| 46 | FT FARFAN LTD #3-5 IBIS AVENUE, IBIS ACRES SAN JUAN TRINIDAD AND TOBAGO | PHONE: 868-674-7896-... RECEIVABLES@FTFARFAN.COM | TRADE DEBT | | | | $96,644.00 |

Official Form 204          **Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims**

**Debtor:** Noble Corporation plc

**Case Number** (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 47 | LAMPRELL ENERGY LIMITED<br>JEBEL ALI FREE ZONE, GATE 4<br>33455<br>DUBAI<br>UNITED ARAB EMIRATES | PHONE: 652-823-23-504<br>SHARMILAS@LAMPRELL.COM | TRADE DEBT | | | | $92,505.00 |
| 48 | EAGLIN, MICHAEL<br>ARNOLD & ITKIN LLP<br>6009 MEMORIAL DRIVE<br>HOUSTON, TX  77007 | KARNOLD@ARNOLDITKIN.COM | LITIGATION | UD | | | |
| 49 | PARAGON LITIGATION TRUST<br>KIRKLAND & ELLIS LLP<br>300 NORTH LASALLE<br>CHICAGO, IL  60654 | PHONE: 312 862 2290<br>PATRICK.NASH@KIRKLAND.COM | LITIGATION | UD | | | |
| 50 | TRANSOCEAN OFFSHORE<br>REYNOLDS FRIZZELL LLP<br>1100 LOUISIANA ST, STE 3500<br>HOUSTON, TX  77002 | PHONE: 713-485-7200<br>CREYNOLDS@REYNOLDSFRIZZELL.COM | LITIGATION | UD | | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **NOBLE CORPORATION PLC,** | **Case No. 20-[_____] (____)** |
| **Debtor.** | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Noble Corporation plc certifies that no entity directly or indirectly owns 10% or more of any class of Noble Corporation plc's equity interests.[1]

---

[1]   Based on persons known to the Debtors to be the beneficial owners of Noble Corporation plc's common stock as of June 30, 2020.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | :    **Chapter 11** |
| | : |
| **NOBLE CORPORATION PLC,** | :    **Case No. 20-[_____] (____)** |
| | : |
| **Debtor.** | : |
| | : |
| | : |

## LIST OF EQUITY SECURITY HOLDERS

        Debtor Noble Corporation plc has a single series of equity, namely, its common stock. This list reflects holders of five percent or more of Debtor Noble Corporation plc's common stock as of June 30, 2020.

        This list serves as the disclosure required to be made by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. By separate motion filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Rule 1007 to file a list of all of its equity security holders.

| Equity Holder | Address or Place of Business | Percent Ownership |
|---|---|---|
| Firefly Value Partners, LP | 601 W. 26th Street, Suite 1520 New York, New York 10001 | 9.31% |
| The Vanguard Group, Inc. | 100 Vanguard Blvd. Malvern, Pennsylvania 19355 | 5.80% |

**Fill in this information to identify the case:**

Debtor name     Noble Corporation plc

United States Bankruptcy Court for the:    Southern     District of    Texas
                                                                          (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   *Amended Schedule* _____

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒   Other document that requires a declaration   Corporate Ownership Statement, List of Equity Security Holders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    07/31/2020         **x** /s/ Richard B. Barker
            MM/DD/YYYY             Signature of individual signing on behalf of debtor

                                            Richard B. Barker
                                            Printed Name

                                            Chief Financial Officer
                                            Position or relationship to debtor