

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/09/2020

| | |
|---|---|
| In re: | Chapter 11 |
| NOBLE CORPORATION PLC, *et al.*, | Case No. 20-33826 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OR TRANSFER OF DE MINIMIS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES WITHOUT FURTHER ORDER OF COURT

[Related Docket Nos. 182 & 230]

Upon the motion (the "Motion")[2] of Noble Corporation plc and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "Debtors" and together with their non-debtor affiliates, the "Company") for the entry of an order authorizing and approving procedures for the sale or transfer of certain de minimis assets (the "De Minimis Assets") free and clear of liens, claims, interests and incumbrances (collectively, the "Liens") without further order of the Court; and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court, if any, (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Amended Standing Order; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) it may enter a final order consistent with Article III of the United States

---

[1] Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/noble. The location of Debtor Noble Corporation plc's principal place of business in the United States and the Debtors' service address in these chapter 11 cases is 13135 Dairy Ashford, Suite 800, Sugar Land, Texas 77478.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Constitution; (d) venue is proper before the Court pursuant to 28 U.S.C. § 1408; and (e) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, creditors, and all parties-in-interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to sell or transfer the De Minimis Assets in accordance with the following procedures (the "De Minimis Transaction Procedures"); *provided*, *however*, that the De Minimis Asset Transaction Procedures shall not apply to transactions for De Minimis Assets of the Debtors with a book value[3] in excess of $15 million per transaction during these Chapter 11 Cases:

   (a) Non-Noticed Sales or Purchases: With regard to sales or transfers of the De Minimis Assets (including uses, acquisitions, investments, swaps or transfers) outside the ordinary course of business in any individual transaction or series of related transactions to a single buyer or group of related buyers with an aggregate selling price[4] equal to or less than $1 million (each, a "Non-Noticed Transaction"):

   (i) Business Judgment Standard. The Debtors are authorized to consummate such transaction(s) without further order of the Court or notice to any party if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interest of the estates; provided, that, to the extent reasonably practicable, the Debtors will provide e-mail notification of such sales or transfers to the extent they are outside the ordinary course of business to (a) the Office of the United States Trustee

---

[3] For purposes of these procedures, "book value" means the net book value set forth in the Debtors' books and records as of the Petition Date.

[4] For purposes of these procedures, "selling price" shall refer to the gross sale price set forth in the applicable purchase and sale agreement, *provided*, with respect to any contingent consideration, the Debtors shall reasonably estimate the value of such contingent consideration.

2

    for the Southern District of Texas (the "U.S. Trustee"), (b) counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee"), (c) the advisors to the Ad Hoc Group of Priority Guaranteed Noteholders (Kramer Levin Naftalis & Frankel LLP, Ducera Partners LLP, and Akin Gump LLP), and (d) counsel to the Ad Hoc Group of Legacy Noteholders ten business days prior to the consummation of such transaction.

  (ii) Non-Noticed Transaction Reports. Within 30 days after each calendar quarter (to the extent that a Non-Noticed Transaction occurred pursuant to the De Minimis Transaction Procedures for the relevant quarter), the Debtors will provide a report summarizing any such Non-Noticed Transactions (including the names of the purchasing parties and the types and amounts of the sales) that were completed pursuant to the De Minimis Transaction Procedures during the immediately preceding quarter to (a) the U.S. Trustee; (b) counsel to the administrative agent under the Debtors' prepetition Revolving Credit Facility; (c) the advisors to the Ad Hoc Group of Priority Guaranteed Noteholders (Kramer Levin Naftalis & Frankel LLP, Ducera Partners LLP, and Akin Gump LLP); (d) counsel to the Ad Hoc Group of Legacy Noteholders; (e) counsel to the Committee (if any), and (f) any known affected creditor asserting a Lien on any De Minimis Asset subject to sale (collectively, the "Notice Parties"), and those parties requesting notice pursuant to Bankruptcy Rule 2002.

(b) Noticed Asset Transactions. With regard to sales or transfers of the De Minimis Assets (including uses, acquisitions, investments, swaps or transfers) outside the ordinary course of business in any individual transaction or series of related transactions to a single buyer or group of related buyers with an aggregate selling price greater than $1 million and up to or equal to $15 million (each, a "Noticed Transaction"):

  (i) Business Judgment Standard. The Debtors are authorized to consummate such transaction(s), subject to the procedures set forth herein if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interests of the estates.

  (ii) Transaction Notice. The Debtors shall file with the Court and give written notice by first class mail or e-mail of each such sale to the extent it is outside the ordinary course of business (the "Transaction Notice") to the Notice Parties. The Transaction Notice shall (a) identify the De Minimis Assets being sold or transferred, (b) identify the Debtor(s) selling the assets, (c) identify holders of liens on the assets known to the Debtors, (d) identify the purchaser of the assets, (e) state the purchase price, and (f) state the material terms of the sale or transfer agreement, including, but not limited to, any payments to be made by the Debtors on account of commission fees to agents, brokers, auctioneers, and liquidators.

      (iii)    <u>Objection Procedures.</u> Parties objecting to a Noticed Transaction must file and serve a written objection so that such objection is filed with the Court and served on the Notice Parties as well as counsel to the Debtors no later than ten business days after the date the Debtors serve the relevant Transaction Notice.

          (1)    <u>No Objection.</u> If no written objections from any of the Notice Parties are filed with the Court and served on counsel to the Debtors within ten business days after service of such Transaction Notice, then the Debtors are authorized to immediately consummate such transaction.

          (2)    <u>Resolution Process</u>. If any Notice Party files and serves on counsel to the Debtors a written objection to any such sale or transfer with the Court within ten business days after service of such Transaction Notice, then the relevant De Minimis Asset shall only be sold or transferred upon submission of a consensual form of order resolving the objection as between the Debtors and the objecting party or further order of the Court after notice and a hearing.

(c)    Pursuant to Bankruptcy Code section 363(f), all sales and transfers of De Minimis Assets pursuant to the De Minimis Transaction Procedures shall be free and clear of all Liens, if any, with any and all such valid and perfected Liens to attach to proceeds of the sales with the same validity, priority, force, and effect such Liens had on the property immediately prior to the sale, subject to the rights, claims, defenses, and obligations, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

(d)    Sales of De Minimis Assets conducted in accordance with the De Minimis Transaction Procedures shall be deemed arm's-length transactions entitled to the protections of Bankruptcy Code section 363(m). Nothing herein shall authorize the sale of De Minimis Assets to any insiders (as defined in section 101 of the Bankruptcy Code).

2.    No timely objection to the relief requested in the Motion combined with no timely objection to the sale or transfer of De Minimis Assets, along with failure to file a timely objection to a Transaction Notice, where applicable, in accordance with the terms of this Order shall be determined to be "consent" to such sale or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

3.    The sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing

4

Case 20-33826   Document 364   Filed in TXSB on 09/09/20   Page 5 of 7

officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order; and each and every federal, state, and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the transactions contemplated hereby.

4.  The Debtors are authorized pursuant to Bankruptcy Code section 554(a) to abandon De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures"):

(a) The Debtors shall give written notice of the abandonment (the "Abandonment Notice") to the Notice Parties;

(b) The Abandonment Notice shall contain a (i) reasonably detailed description of the De Minimis Assets to be abandoned, (ii) the Debtors' reasons for such abandonment, and (iii) any payments to be made by the Debtors in connection with such abandonment including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators;

(c) If no written objections from any of the Notice Parties are filed with the Court and served on counsel to the Debtors within ten business days after the date of service of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

(d) If a written objection from any Notice Party is filed with the Court and served on counsel to the Debtors within ten business days after service of such Abandonment Notice, then the relevant De Minimis Assets shall only be abandoned upon either the consensual resolution of the objection by the parties in question or further order of the Court after notice and a hearing.

5

5. Nothing contained herein shall prejudice the Debtors' right to seek Court authorization for the sale or transfer of any asset of the Debtors under Bankruptcy Code section 363 by separate motion.

6. Notwithstanding anything to the contrary in this Order, all leases and executory contracts between Debtors and any governmental unit are subject to the requirements of Bankruptcy Code section 365, and the Debtors must file a separate motion to assume, assign, or reject any such governmental lease or executory contract.

7. For all sales or transfers of De Minimis Assets with a value greater than $15 million per sale or transfer, the Debtors shall file a motion with the Court requesting approval of the sale or transfer pursuant to section 363 of the Bankruptcy Code, among other applicable provisions.

8. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) and the local rules of the Court are satisfied by such notice. Service of this Order or the notice of a De Minimis Asset sale or transfer, as applicable, is sufficient notice of the sale or transfer of the De Minimis Assets.

10. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order in accordance with the Motion, including paying those necessary fees and expenses incurred in the sale, transfer or abandonment of De Minimis Assets (including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators).

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. Notice of the Motion satisfies the Local Rules and the Complex Procedures.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  September 09, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**