

ENTERED
10/23/2020

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| NOBLE CORPORATION PLC, *et al.*, | Case No. 20-33826 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

### ORDER (I) APPROVING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND (II) GRANTING RELATED RELIEF

[Related Docket No. 497]

Upon the motion (the "Motion")[2] of Noble Corporation plc and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "Debtors" and together with their non-debtor affiliates, the "Company") for the entry of an order (i) approving the [Purchase] Agreement, authorizing the sale of certain of the Debtors' assets free and clear of liens, claims, encumbrances, and interests; and (ii) granting related relief; and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court, if any, (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Amended Standing Order; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) it may enter a final order consistent with Article III of the United States Constitution; (d) venue is proper before the Court pursuant to 28 U.S.C.

---

[1] Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/noble. The location of Debtor Noble Corporation plc's principal place of business in the United States and the Debtors' service address in these chapter 11 cases is 13135 Dairy Ashford, Suite 800, Sugar Land, Texas 77478.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

§ 1408; and (e) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, creditors, and all parties-in-interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Purchase Agreements attached hereto as **Exhibit 1** and **Exhibit 2** are approved in all respects. The Debtors are authorized, but not directed, to take any and all actions necessary, appropriate, or desirable to (a) consummate the transaction described in the Purchase Agreements (the "Rig Sales") in accordance with the terms and conditions set forth in the Purchase Agreements; and (b) otherwise implement and effectuate the terms of the Purchase Agreements.

2. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon the closing of the Rig Sales, all of the Debtors' right, title, and interest in and to, and possession of, the Rigs shall be transferred to the Buyer free and clear of any and all liens, claims, encumbrances, and interests, with all such liens, claims, encumbrances, and interests (if any) to attach to the proceeds of the Rig Sales in the order of their priority, with the same force, effect, and validity that they had immediately prior to the entry of this Order, subject to any rights, claims, or defenses the Debtors may have with respect thereto. Such transfer shall constitute a legal, valid, binding, and effective transfer of the Rigs.

3. This Order is and shall be binding upon all persons and entities that may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or that may be required to report or insure any

title or state of title in or to any property; and each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Rig Sales.

4. The Buyer is deemed to be a good faith purchaser of the Rigs. Pursuant to section 363(m) of the Bankruptcy Code, if this Order is reversed or modified on appeal, such reversal or modification shall not affect the validity of the Rig Sales. The consideration provided for the Rigs under the Purchase Agreement is fair and reasonable, and the Rig Sales are not subject to avoidance under section 363(n) of the Bankruptcy Code or otherwise.

5. The Rig Sales shall not count towards the $1 million cap for Non-Noticed Transactions under paragraph 1(a) of the De Minimis Order[3] or $15 million cap for Noticed Transactions under paragraph 1(b) of the De Minimis Order, to the extent the Debtors seek to engage in additional sales of other assets to the Buyer.

6. To the extent there are any inconsistencies between this Order and the Purchase Agreement, the terms of this Order shall control.

7. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim

---

[3] The "De Minimis Order" means the Order Authorizing and Approving Procedures for the Sale or Transfer of De Minimis Assets [Docket No. 364].

or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules, and the Complex Procedures of the Court are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order in accordance with the Motion, including paying those necessary fees and expenses incurred in the execution or consummation of the Rig Sales.

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: October 22, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**