

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/16/2020

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NOBLE CORPORATION PLC, et al. | § | Case No. 20-33826 (DRJ) |
| Debtors[1] | § | |
| | § | (Jointly Administered) |

## STIPULATION AND AGREED ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY

(Docket No. 704)

Noble Corporation PLC and its subsidiaries and affiliates (collectively, the "Debtors") and Elray Duncan (the "Movant"), hereby stipulate and agree as follows:

WHEREAS, on July 31, 2020, the Debtors filed petitions for relief under chapter 11 of the United States Code in the Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, Movant filed his *Unopposed Motion to Lift Automatic Stay* (the "Lift Stay Motion") requesting relief from the automatic stay to authorize Movant to complete its claims against the Debtors, now pending in the 458th Judicial District Court for Fort Bend County, Texas, captioned *Duncan v. Noble Drilling (U.S.) LLC, et al.*, Cause No. 19-DCV-268873 (the "State Court Litigation");

---

[1] Noble 2018-IV Guarantor LLC, Noble Corporation plc, Bully 1 (Switzerland) GmbH, Bully 2 (Switzerland) GmbH, Noble 2018-I Guarantor LLC, Noble 2018-II Guarantor LLC, Noble BD LLC, Noble Cayman Limited, Noble Cayman SCS Holding Ltd, Noble Contracting II GmbH, Noble Corporation, Noble Corporation Holdings Ltd., Noble Corporation Holding LLC, Noble Drilling (Guyana) Inc., Noble Drilling (TVL) Ltd., Noble Drilling (U.S.) LLC, Noble Drilling Americas LLC, Noble Drilling Exploration Company, Noble Drilling Holding LLC, Noble Drilling International GmbH, Noble Drilling NHIL LLC, Noble Drilling Services Inc., Noble DT LLC, Noble FDR Holdings Limited, Noble Holding (U.S.) LLC, Noble Holding International Limited, Noble Holding UK Limited, Noble International Finance Company, Noble Leasing (Switzerland) GmbH, Noble Leasing III (Switzerland) GmbH, Noble Resources Limited, Noble SA Limited, Noble Services International Limited, Noble Rig Holding I Limited, Noble Rig Holding 2 Limited, Noble Asset Mexico LLC, Noble Bill Jennings LLC, Noble Earl Frederickson LLC, and Noble Mexico Limited.

WHEREAS, the State Court Litigation was stayed as of the Petition Date and remains stayed pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay");

WHEREAS, the Debtors are indemnified in the State Court Litigation by Complete Logistical Services, LLC ("CLS") pursuant to the terms and provisions of the September 18, 2013 Staffing Services Agreement between Noble Drilling Services Inc. and CLS (the "Indemnity");

WHEREAS, the Movant has agreed to limit any recovery that may be obtained in connection with the State Court Litigation solely to CLS pursuant to the Indemnity;

WHEREAS, the Movant has agreed to waive any claims against the Debtors as further set forth below;

WHEREAS, after considering the merits of the Motion, the Court having determined that the relief requested in the Motion is appropriate and justified; and appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to section 362(d)(1) of the Bankruptcy Code, the Automatic Stay is hereby modified solely to continue the State Court Litigation in all respects, including a determination of the Debtors' liability for causing Movant's alleged injuries and damages, and liquidation of said damages to final and binding resolution and/or settlement and collection from CLS pursuant to the Indemnity.

2. Except as expressly modified herein, the Automatic Stay shall remain in place for all other purposes.

3. Movant acknowledges and agrees that although Movant will be permitted to litigate the issue of Debtors liability for causing his alleged injuries and damages, and liquidation of said damages, any recovery of the Movant against the Debtors and their estates and affiliates, and each of the foregoing parties' respective directors, officers, advisors, employees, agents, representatives, heirs, executors, administrators, successors, and assigns (collectively the "Debtor Parties") shall be limited to recovery from CLS pursuant to the Indemnity, and the Movant hereby releases the Debtor Parties from any and all liability for claims, whether direct or indirect, arising out of or related to the State Court Litigation, including but not limited to any obligation of the Debtors to make a claim on its own insurance policies and/or pay any associated deductibles.

4. Each party understands and agrees that this Stipulation and Agreed Order is solely to allow the Movant to litigate the State Court Litigation to the extent of coverage by CLS under the Indemnity, and that the Stipulation and Agreed Order shall not be construed as an admission of liability by the Debtors.

5. The Debtors make no representations respecting the Movant's likelihood of success in the State Court Litigation or with respect to their efforts to collect from CLS pursuant to the Indemnity.

6. This Stipulation and Agreed Order shall not be deemed an agreement by the Debtors to provide assistance to, or to cooperate with, Movant in its efforts to secure payment on account of its claims in the State Court Litigation.

7. Movant agrees that a proof of claim will not be filed in these Chapter 11 Cases, or recovery will not otherwise be sought from the Debtors' estates in any manner with respect to any claim arising from, or related to, the State Court Litigation, and that to the extent a proof of

claim already has been filed in this case, that such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and Agreed Order.

8. Neither this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall affect the rights of the Debtors to assert any defenses in the State Court Litigation or any other action or proceeding other than one to enforce the terms of this Stipulation and Agreed Order. Notwithstanding any other term or provision contained herein, this Stipulation is without prejudice to any of the rights, claims, or defenses of CLS under the Indemnity, any agreement related to the Indemnity and/or any applicable state law, all of which are expressly reserved.

9. Movant is hereby authorized to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order in accordance with the Motion.

10. This Stipulation and Agreed Order shall be binding upon the parties' successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the parties.

11. Neither the Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall constitute admissible evidence against the parties in an arbitration proceeding or any other action or proceeding other than one to enforce the terms of this Stipulation and Agreed Order.

12. Each party executing this Stipulation and Agreed Order represents that such party has the full authority and legal power to do so.

13. This Stipulation and Agreed Order does not allow any party other than Movant to pursue claims against the Debtors in the State Court Litigation or in any other action.

14. This Stipulation and Agreed Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement, and Order to present any copies, electronic copies, or facsimiles signed by the parties here to be charged.

15. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of the parties or by further order of the Bankruptcy Court.

16. This Stipulation and Agreed Order constitutes the entire agreement and understanding between the Debtors and the Movant relating to the subject matter herein and supersedes all previous or contemporaneous oral or written representations, understandings, or agreements between the parties.

17. This Stipulation and Agreed Order is subject to the approval of the Bankruptcy Court and shall not become effective against the Debtors unless and until it is "so-ordered" by the Court.

18. This Stipulation and Agreed Order shall be governed by, and construed in accordance with, the laws of the State of Texas, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

19. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed:  December 16, 2020.

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**AGREED TO AND ENTRY REQUESTED:**

By: /s/ *Megan Young-John*
**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
Eric M. English (TX 24062714)
M. Shane Johnson (TX 24083263)
Megan Young-John (TX 24088700)
Emily D. Nasir (TX 24118477)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
enasir@porterhedges.com

*Co-Counsel to the Debtors and the Debtors in Possession*

– and –

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

George N. Panagakis (admitted *pro hac vice*)
Anthony R. Joseph (admitted *pro hac vice*)
155 N. Wacker Dr.
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

– and –

Mark A. McDermott (admitted *pro hac vice*)
Jason A. Kestecher (admitted *pro hac vice*)
Nicholas S. Hagen (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel for the Debtors
and Debtors in Possession*

By: /s/ *Eric J. Rhine*
**SPAGNOLETTI LAW FIRM**
Eric Rhine
Texas Bar No. 24060485/SDTX 1786163
Marc Evan Kutner
Texas Bar No. 11770575/SDTX ID 6238
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:     713 653 5656
Facsimile:     713 653 5656
erhine@spaglaw.com
mkutner@spaglaw.com

*Counsel for Movant Elray Duncan*