

ENTERED
02/26/2021

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **NOBLE CORPORATION PLC** (n/k/a Noble Holding Corporation plc), *et al.*, | Case No. 20-33826 (DRJ) |
| | (Jointly Administered) |
| Reorganized Debtors.[1] | |

### FINAL DECREE (I) CLOSING THE AFFILIATE DEBTORS' CHAPTER 11 CASES; (II) CONSOLIDATING AND TRANSFERRING CLAIMS AGAINST THE AFFILIATE DEBTORS TO THE LEAD CASE; AND (III) GRANTING RELATED RELIEF

[Related Docket No. 902]

Upon the Motion[2] of the Reorganized Debtors for the entry of this Final Decree (i) closing each of the Affiliate Debtors' chapter 11 cases, (ii) consolidating and transferring all remaining Claims against each Affiliate Debtor's estate to Noble's Chapter 11 Case (the "Lead Case") for administration and resolution in accordance with the Plan, and (iii) granting related relief; and the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court, if any, (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Amended Standing Order; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) it may enter a final order consistent with Article III of the United States

---

[1] Due to the large number of Debtors in these jointly administered chapter 11 cases, a complete list of the Debtors and the last four digits of their tax identification, registration, or like numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/noble. The location of Debtor Noble Holding Corporation plc's principal place of business in the United States and the Debtors' service address in these chapter 11 cases is 13135 Dairy Ashford, Suite 800, Sugar Land, Texas 77478.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of a Final Decree Closing Certain of the Chapter 11 Cases* (the "Motion").

Constitution; (d) venue is proper before the Court pursuant to 28 U.S.C. § 1408 and 1409; and (e) due and proper notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, creditors, and all parties-in-interest; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Chapter 11 Cases of the Affiliate Debtors are hereby closed, effective as of the date of entry of this Final Decree.

2. All unresolved Claims against the estates' of the Affiliate Debtors (collectively, the "Outstanding Claims") shall be consolidated and transferred to the Lead Case for administration and resolution in accordance with the Plan. The Affiliate Debtors shall have standing in the Lead Case with respect to the administration of all unresolved Claims.

3. Any failure of the Reorganized Debtors to file an objection to any claim or interest in the Affiliate Cases on or prior to entry of this Final Decree shall not constitute allowance of the claim or interest and shall not result in such claim or interest being deemed an Allowed Claim (as defined in the Plan) against or in any Reorganized Debtor. Any final Fee Application shall be filed, administered, and adjudicated in the Lead Case.

4. The Lead Case shall remain open until the entry of a final decree closing the Lead Case.

5. All deadlines applicable in the Chapter 11 Cases as to the Outstanding Claims shall continue to apply as if those Outstanding Claims had not been consolidated and transferred to the Lead Case.

6. The Clerk shall mark the docket of each Affiliate Debtor's Chapter 11 Case as "Closed."

7. Entry of this Final Decree is without prejudice to (a) the rights of any party-in-interest to seek to reopen the Affiliate Cases for cause shown and (b) the rights of the Reorganized Debtors to dispute any Claim that was filed against the Reorganized Debtors in these chapter 11 Cases as contemplated by the Plan and the Confirmation Order. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Reorganized Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise had this Final Decree not been entered.

8. All further reporting concerning the administration of the assets and liabilities of the Affiliate Debtors shall occur only in the Lead Case. A docket entry shall be made in each of the cases of the Affiliate Debtors substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of *In re Noble Corporation plc (n/k/a Noble Holding Corporation plc), et al.*, No. 20-33826. The docket in Case No. 20-33826 should be consulted for all matters affecting this case.

9. Quarterly disbursements for Noble Corporation plc (n/k/a Noble Holding Corporation plc) will be reported and quarterly fees paid pending the entry of a final decree by this Court closing the Lead Case.

10. The Reorganized Debtors are authorized to take all actions necessary to implement the relief granted in this Final Decree.

11. The Affiliate Debtors, no later than fourteen (14) days after the date of entry of the Final Decree, shall file a post-confirmation report for the first quarter of 2021 through the date of entry of the Final Decree and shall serve a true and correct copy of said statements on the Acting United States Trustee.

12. The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) with respect to the Affiliate Debtors by remitting payment to the United States Trustee Payment Center, P.O. Box 6200-19, Portland, Oregon, 97228-6200 no later than the later of (x) fourteen days after the date of entry of the Final Decree and (y) the date on which such quarterly fees are otherwise due, and shall furnish evidence of such payment to the acting U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas. The payment shall reflect the Reorganized Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the Acting United States Trustee. This Court shall retain jurisdiction to enforce of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

13. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Signed: February 26, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**